UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL NELSON SCOUTEN,

        Plaintiff,                        Case Number: 2:20-12425
                                                Honorable Nancy G. Edmunds

v.

MIDLAND COUNTY, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Daniel Nelson Scouten's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Scouten is a pretrial detainee incarcerated at the Midland County Jail. He names four defendants: Midland County, Donald Robert Emery Jennings, Catrina Lynn Naranjo, and J. Dee Brooks. Scouten, who is proceeding *in forma pauperis*, claims that he has been denied his rights to due process, a speedy trial and competent counsel. He also alleges an Eighth Amendment violation. Scouten seeks monetary and injunctive relief. The Court holds that the complaint fails to state a claim upon which relief may be granted and dismisses the complaint.

**I.    Standard**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Factual Allegations

Scouten alleges that, in 2017, defendants Catrina Lynn Naranjo and Donald Robert Emery Jennings conspired to entice him to engage in inappropriate sexually explicit conversations on Facebook. (ECF No. 1, PageID.7.) Naranjo and Jennings then turned the Facebook communications over to the police in a futile attempt to convince police to file criminal charges against Scouten. (*Id.*)

Scouten claims that Jennings then convinced Scouten's step-daughter, Trinity, to

2

make false allegations of sexual abuse against Scouten. (*Id.*) After two years, police filed charges against Scouten based upon Trinity's allegations. (*Id.* at 8.)

Following his 2019 arraignment in Midland County, Scouten was appointed a public defender. (*Id.*) He alleges that his court-appointed attorney has had almost no contact with him, refuses to provide advice, and has failed to advocate on his behalf. (*Id.*) He further claims that defendants Midland County and Midland County prosecutor J. Dee Brooks have maliciously prosecuted him, imposed an excessively high bond, and violated his right to a speedy trial. (*Id.*)

Finally, Scouten argues that jail conditions violate his rights under the Eighth Amendment because the Midland County Jail and its employees fail to follow proper protocols to prevent and stem the spread of COVID-19. (*Id.* at 8-9.)

**III.    Discussion**

    **A.    Eighth Amendment Claim**

Scouten alleges that conditions at the Midland County Jail fail to sufficiently protect him from COVID-19. This claim is duplicative of a claim raised in an earlier-filed complaint. In that complaint, Scouten and nineteen additional prisoner-plaintiffs contend that, while incarcerated at the Midland County Jail, they have been insufficiently protected from COVID-19 and provided inadequate housing and medical care. *See Scouten et al. v. Midland County Jail, et al.*, No. 20-11708.

A federal court may exercise its discretion to dismiss a duplicative suit or claim. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). Dismissal of a second, duplicative

3

suit is a "'common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" *Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000)). The Court will dismiss this claim without prejudice to Scouten's rights in the earlier-filed case.

### B. Defendants Jennings and Naranjo

Scouten alleges that defendants Jennings and Naranjo attempted to falsely implicate him in a crime. Title 42 U.S.C. § 1983 provides a remedy for constitutional violations committed by state actors. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 159, 155-157 (1978). Scouten's complaint contains no allegations that these defendants acted under color of state law. He also fails to allege any facts which would support a plausible inference that they did so. Thus, Scouten fails to state a claim under § 1983 against defendants Jennings and Naranjo.

### C. Prosecutorial Immunity

Next, Scouten raises a malicious prosecution claim against Midland County Prosecutor J. Dee Brooks. Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Scouten's allegations concern conduct related to the decision to file charges. Therefore, defendant Brooks is immune from suit under § 1983.

### D. Defendant Midland County

Scouten's remaining claims concern his ongoing state criminal prosecution. These claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck,* 512 U.S. at 486-87. A state prisoner does not state a cognizable civil rights claim if a ruling in his favor would necessarily render his continuing confinement invalid unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... , or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Id.* at 487. This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *Heck* applies to civil rights actions filed by pretrial detainees. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (Heck applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and

ineffective assistance claims barred by *Heck*).

If Scouten were to prevail on his claims against Midland County, his continued confinement (as a pretrial detainee) would be called into question. Consequently, his claims concerning the pending criminal prosecution are barred by *Heck* and must be dismissed. These claims are dismissed without prejudice. *See Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 767 (6th Cir. 2015) (claims dismissed under *Heck* are dismissed without prejudice).

**IV. Conclusion**

For the reasons set forth, the Court dismisses the complaint. This dismissal is without prejudice as to Scouten's Eighth Amendment Claim and as to defendant Midland County. The remaining claims and defendants are dismissed with prejudice.

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

SO ORDERED.

                                                s/ Nancy G. Edmunds
                                                NANCY G. EDMUNDS
                                                UNITED STATES DISTRICT JUDGE

Dated: October 19, 2020